IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NORMAN TIREY, and HADEN TIREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0441-P-L |
| | ) | |
| MARY ELIZABETH BOYTE, JEFFREY ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

Pending before this court in this five-count tort action brought by plaintiffs Timothy Norman Tirey and Haden Tirey against defendants Mary Elizabeth Boyte and Jeffery Allen, are two summary judgment motions: 1) Defendant Jeffrey Allen's Motion and Amended Motion For Summary Judgment (docs.30-33); and 2) defendant Boyte's Motion For Partial Summary Judgment (docs.35-37), with a Brief On Wantonness (doc.56). Plaintiffs filed a Brief In Support of Their Objection to the Motion For Partial Summary Judgment (doc.47), with a Brief In Support of Claim For Wantonness (doc.57). Defendant Boyte filed a Reply to plaintiffs' Objection to the Motion For Partial Summary Judgment (doc.49). After careful review of all relevant matter, this court finds that defendant Jeffrey Allen's Motion and Amended For Summary Judgment (docs.30-33) is GRANTED, and defendant Boyte's Motion For Partial Summary is DENIED.

A.  Procedural History

Plaintiffs' Complaint was filed on July 2, 2004, pursuant to 28 U.S.C. § 1332 (doc.1). Plaintiffs are citizens of Monroe County, Alabama, and defendants are citizens of Franklin County, Kentucky (doc.53); it is undisputed that the amount in controversy exceeds the minimum requisite jurisdictional amount (doc.1).  Venue is proper in this district court in that the events giving rise to this action occurred in Baldwin County, Alabama, which is situated in the Southern District of Alabama (docs.1, 5, 53).  28 U.S.C. § 1391(2).

Plaintiffs allege that on April 2, 2004, plaintiff Timothy Tirey suffered injuries and sustained property damage to his vehicle in a collision with a vehicle operated by defendant Boyte.  Plaintiffs claim that defendant Boyte (Count One) negligently; and (Count Two) wantonly operated the vehicle which struck plaintiff's vehicle and which proximately resulted in plaintiff's injuries and damages. Plaintiffs also claim (Count Three) that defendant Jeffrey Allen negligently; and (Count Four) wantonly entrusted the vehicle to defendant Boyte.  Plaintiff Haden Tirey claims (Count Five) loss of consortium. For these claims, plaintiffs seek compensation, punitive damages, interest, and costs (doc.1).

On December 10, 2004, defendants served plaintiffs with Defendants' First Set of Interrogatories and Requests For Production.  On December 17, 2004, plaintiffs' certified their Responses (see doc.36, Ex.D-Plaintiffs' Response to Interrogatory No.19).

On February 25, 2005, defendant Jeffrey Allen filed the subject Motion For Summary Judgment (docs.30-32), and Amended Motion For Summary Judgment (doc.33).

On March 1, 2005, defendant Boyte filed the subject Motion For Partial Summary Judgment seeking summary judgment on plaintiffs' claim of wantonness (Count Two) (doc.35-37).  On March

11, 2005, plaintiffs filed their Brief in Opposition to defendant Boyte's Motion For Partial Summary

Judgment (doc.47).  On March 14, 2005, defendant Boyte filed a Reply (doc.49).

On April 11, 2005, the parties filed their joint Proposed Pretrial Order (doc.53), and on April

14, 2005, appeared before this court for a pretrial conference.  Trial is scheduled to begin on July 25,

2005, with jury selection set for June 28, 2005 (doc.55).  A hearing on the issue of wantonness

(plaintiffs' Count Two), is set to be conducted on June 7, 2005; a settlement conference is also

scheduled on the same date.  Id.  On May 11, 2005, defendants Allen and Boyte filed a Brief On

Wantonness (doc.56), as directed by the court (doc.55, item 11(a)); and plaintiffs filed their Brief In

Support of Claim For Wantonness (doc.57).

## B.  Findings of  Fact[1]

On April 2, 2004, plaintiff Timothy Tirey and defendant Boyte were involved in a vehicular

collision on Canal Road near the intersection of Oak Street and Colonial Pine Drive, Orange Beach,

Alabama.  William Allen, a non-party to this action, was a passenger in the vehicle driven by defendant

Boyte.  William Allen had borrowed his son's, Jeffrey Allen's vehicle, a 2000 Ford Ranger King cab

(doc.36, Ex.A-Deposition of Jeffrey Wayne Allen, dated February 18, 2005, p.5-6), and traveled to

Orange Beach, on vacation with defendant Boyte's father, and defendant Boyte (doc.36, Ex.B-

Deposition of Mary Elizabeth Boyte, dated February 18, 2005, p.7).  Defendant Boyte, a licensed

Kentucky driver (doc.36, Ex.C), was driving defendant Jeffrey Allen's vehicle at the time of the

---

[1]   Unless otherwise indicated, the undisputed facts are as set out by the parties in the Proposed Pretrial
Order (doc.53, Joint Statement of the Parties, Uncontested Facts, p.3, ¶4-8).

collision.

The Accident Report, dated April 2, 2004, reflects that defendant Boyte was making a left hand turn from a private drive at the Beach Barn, a laundromat, into the middle turn lane, traveling east on Canal Road, Orange Beach, crossing in front of the Tirey vehicle traveling west along Canal Road (doc.47, Ex.A and C-Boyte Depo., p.16).  The parties differ on the specifics of the collision.

Defendant Boyte testified that she waited "quite a long time" before deciding to initiate the left turn maneuver and that she saw plaintiff Tirey's vehicle heading west (doc.47, Ex.C-Boyte Depo., p.18).  Defendant testified that the road was not wet, it was a "gorgeous" day.  Id., p.18.  Defendant testified that she saw Tirey's vehicle slow down and that she then successfully made the left hand turn into the middle lane.  While defendant was merging right out of the turn lane, the two vehicles collided; plaintiff's front left scraped defendant's truck bed, rear left side.  Id., p.18, 20-21.  Defendant testified that she was not looking in the direction of the Tirey vehicle after she arrived in the turning lane until her father hollered just before the collision.  Id., p.18, 21-22.  Defendant Boyte also testified that she noticed that plaintiff Tirey was talking on his cell phone just before the collision.  Id., p.18, 21.

Plaintiff Tirey testified that he was traveling west on Canal Road at approximately 25-30 m.p.h., in his 2003 GMC, and defendant Boyte pulled out directly in front of him (doc.47, Ex.B-Deposition of Timothy Norman Tirey, dated December 18, 2004, p.25-26, 28).  Plaintiff testified that he swerved to miss Boyte's vehicle but they collided.  Id., p.28.  Plaintiff denies being on his cell phone at the time of the collision, but called his wife immediately thereafter.  Id., p.30, 34-35.

In Defendants' First Set of Interrogatories and Requests For Production, defendants posed to plaintiffs, in part:  "Inasmuch as you allege in your Complaint that you were injured due to the proximate

4

consequence of defendants' wantonness, please state the following...  State each and every fact upon

which you rely in support of said allegation;...[;]" and plaintiffs responded: "The Defendant driver failed

to yield the right of way and pulled out into a busy highway causing the accident." (doc.36, Ex.D-

Response to Interrogatory No.19).

On March 11, 2005, in response to defendant Jeffrey Allen's Motion For Summary Judgment,

as noted, plaintiffs expressly concede there is no substantial evidence of negligent or wanton

entrustment against defendant Jeffrey Allen and that he is entitled to summary judgment.  Plaintiffs also

concede that defendant Allen is not liable for any loss of consortium as claimed by plaintiff Haden Tirey

(doc.47, p.1, footnote 1).


C.  Standard

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510

(11th Cir. 1987).  Defendants are entitled to a judgment as a matter of law unless plaintiffs demonstrate

that a genuine dispute exists as to an element of their case on which they have the burden of proof.

Celotex, 477 U.S. at 322; Everett, 833 F.2d at 1510.  All factual matters are to be viewed in the light

most favorable to plaintiffs.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1987).

Summary judgment is improper if "the dispute about a material fact is 'genuine', that is, if the

evidence is such that a reasonable jury could return a verdict for [plaintiffs]."  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  If a reasonable fact finder could draw more than one

inference from the facts, and that inference creates a genuine issue of material fact, then the court should

refuse to grant summary judgment.  Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

It is under this standard that this court addresses defendants' summary judgment Motions.  Monroe v.

Brown, 307 F.Supp.2d 1268, 1270-71 (M.D.Ala. (Mar. 9, 2004)) (J. Thompson).


D.  Discussion

1.  Defendant Jeffrey Allen's Motion and Amended Motion For Summary Judgment.

Plaintiffs concede that defendant Allen is entitled to summary judgment on their claims against

him of negligent and wanton entrustment, and for loss of consortium (Counts Three and Four, and Five

as against defendant Allen) (doc.53, p.4, ¶8).  As such, this court finds that defendant Allen's Motion

and Amended Motion For Summary Judgment (docs.30-33), is GRANTED.

1.  Defendant Boyte's Motion For Partial Summary Judgment.

Defendant Boyte contends she is entitled to summary judgment on plaintiffs' claim of

wantonness in the operation of Jeffrey Allen's vehicle (Count Two) (doc.36).

Under Alabama law,[2] to survive summary judgment on the issue of wantonness, plaintiffs must

provide substantial evidence creating a genuine issue of material fact that defendant Boyte acted with

reckless or with conscious disregard to the rights or safety of others in her operation of the Allen

---

[2]  There is no dispute that Alabama substantive law applies.  Erie R.R. Co. v. Thompkins, 304 U.S. 64, 78
(1938).

vehicle.  Ala. Code § 6-11-20[3]; Monroe, 307 F.Supp.2d at 1271 ("Wantonness,... has been defined

by the Supreme Court of Alabama as "the conscious doing of some act or the omission of some duty,

while knowing of the existing conditions and being conscious that, from doing or omitting to do an act,

injury will likely or probably result."); Tolbert v. Tolbert, ___ So.2d ___, 2004 WL 2260379, *10

(affirming summary judgment on a wantonness claim arising from an automobile accident where

evidence did not establish "more than a showing of some form of inadvertence on the part of the driver

or that it rose to the required showing of some degree of consciousness on the part of the defendant

that injuries are likely to result from his act or omissions") (citations omitted).[4]

> Wantonness is not merely a higher degree of culpability than negligence.
> Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of
> actionable culpability.  Implicit in wantonness, willful, or reckless misconduct is an acting,
> without knowledge of danger, or with consciousness, that the doing or not doing of some
> act will likely result in injury...  Wantonness imports premeditation, or knowledge and
> consciousness that the injury is likely to result from the act done or from the omission to
> act,...

Tolbert, at *10 (quoting Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510

So.2d 142, 145-46 (Ala. 1987), overruled on other grounds Alfa Mut. Ins. Co. v. Roush, 723 So.2d

1250 (Ala. 1998)); Dorman v. Jackson, 623 So.2d 1056, 1058 (Ala. 1993); George v. Champion

---

[3]  The Statute provides:

> Punitive damages may not be awarded in any civil action, except civil actions for wrongful death
> pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and
> convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud,
> wantonness, or malice with disregard to the plaintiff... WANTONNESS.  Conduct which is carried
> on with a reckless or conscious disregard of the rights or safety of others.

§ 6-11-20(b)(3).

[4]  In Tolbert, a child and his grandmother were traveling by car in a light rain.  As the car traveled downhill
Mrs. Key, the child's grandmother, failed to negotiate an "S" curve, skidding into the opposing lane of traffic and
colliding with another vehicle.  The child, Mrs. Key, and the driver of the other vehicle were all killed.  The child's
father filed a wrongful-death action against the grandmother's estate, claiming Mrs. Key was operating her vehicle
wantonly.  2004 WL 2260379, *1-2.

Ins., Co., 591 So.2d 852, 854 (Ala. 1991).  "What constitutes wanton misconduct depends on the

facts presented in each particular case."  Tolbert, at *10; Ex parte Anderson, 682 So.2d 467, 470

(Ala. 1996); George, 591 So.2d at 854.

Although, under Erie, 304 U.S. 64, this court must apply the Alabama definition of wantonness,

"in diversity cases federal courts apply a federal rather than state test in determining the sufficiency of

the evidence to create a jury question..."  Salter v. Westra, 904 F.2d 1517, 1524 (11th Cir. 1990);

Hommel v. Jackson-Atlantic, Inc., 438 F.2d 307, 308 (5th Cir. (Ala.) 1971)).[5]  In the context of

summary judgment in the federal arena, the test is whether, in viewing the substantial evidence in the

light most favorable to the plaintiff, a genuine issue exists for trial.  Monroe, 307 F.Supp.2d at 1271.

Defendant contends that plaintiffs present no evidence in support of their wantonness claim.  In

support, defendant argues that plaintiffs simply allege that she "failed to yield the right of way and pulled

out into a busy highway causing the accident" (doc.36, Ex.D-Plaintiffs' Disc. Resp., No. 19), and as

such, plaintiffs have failed to provide evidence to survive summary judgment.  Defendant relies on

Crowne Invs., Inc. v. Bryant, 638 So.2d 873 (Ala. 1994), an alleged insurance fraud action, which

states: "Mere conclusory allegations or speculation... will not defeat a properly supported summary

judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to

offer facts or to defeat the motion."  Id., at 878.[6]  Defendant avers, that because plaintiffs have failed to

_____

[5]  The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as
precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[6]  Defendants also rely on Huff v. United Ins., Co. of America, 674 So.2d 21, 24 (Ala. 1995) (affirming
summary judgment for insurer against claims of fraud, breach of contract, and bad-faith refusal to pay); Reid v.
Jefferson County, 672 So.2d 1285, 1290 (Ala. 1995) (affirming summary judgment in favor of Jefferson County in an
inverse condemnation action); and Blackburn v. State Farm Auto Ins., Co., 652 So.2d 1140, 1142 (Ala. 1994) (affirming
summary judgment for insurer against a claim of bad-faith refusal to pay).

establish that there is a genuine issue of material fact in dispute regarding wantonness, she is entitled to summary judgment.  Ex Parte Anderson, 682 So.2d 467, 470 (Ala. 1996); Dorman, 623 So.2d at 1056; George, 591 So.2d at 854.

In Anderson, 682 So.2d 467, the Supreme Court of Alabama reversed the Court of Civil Appeals and affirmed the Circuit Court's summary judgment in favor of Anderson on a wantonness claim charged when Anderson attempted to make a left-hand turn crossing in front of an oncoming lane of traffic, in a light rain, despite consciously recognizing that her vision was partially blocked by another vehicle.  The Supreme Court wrote that "[a]lthough Anderson may have been negligent in turning left while her view of the oncoming traffic was blocked, we do not believe that this evidence is sufficient to prove that she was guilty of 'wanton conduct,'... we find no substantial evidence that ... Anderson acted 'with knowledge of danger, or with consciousness, that the doing [of the act would] likely result in injury.'  682 So.2d at 470.

In Dorman, 623 So.2d 1056, the Supreme Court of Alabama affirmed summary judgment, in part, in favor of defendant on plaintiff's wantonness claim when defendant-driver crossed lanes of traffic and merely failed to see the on-coming car.  The Court noted that the defendant "slowed down before crossing the northbound lanes of traffic, and... merely failed to see the oncoming car."  Id., at 1058.

In George, 591 So.2d 852, the Supreme Court of Alabama affirmed summary judgment on the plaintiff's wantonness claim.  The plaintiff was a minor passenger injured when the vehicle she was riding in ran a red light and collided with another vehicle.  The Court noted the facts:

> It was Sunday afternoon and a clear day.  The occupants of the car were engaged in conversation.  As the car approached the intersection ..., the driver saw that the traffic light was green. [The driver] glanced back in conversation.  When [the driver] looked

> forward, the traffic light was red... [The driver] tried to put her foot on the brake pedal,
> but missed and hit the clutch pedal.  She ran the red light, and her [vehicle] collided with a
> vehicle that was turning left in front of her.

Id., at 854.  The Court concluded that "the facts of this case, when viewed in a light most favorable to the plaintiff, do not provide substantial evidence of the requisite elements of wantonness on the part of the driver...  While the facts show inadvertence,... they do not amount to wantonness..."  Id.

Plaintiffs counter that defendant Boyte's legal authorities do not mirror the facts of this action (doc.47, p.4).  Plaintiffs argue that defendant saw their vehicle approaching from the east and decided to chance pulling out, knowingly putting both vehicles and passengers at risk (doc.47, p.3).  Plaintiffs rely on Hood v. Murray, 547 So.2d 75 (Ala. 1987), and Collins v. Shelley, 514 So.2d 1358, 1361 (Ala. 1987).

In Hood, the trial court entered a directed verdict for the defendant on the plaintiff's claim of wantonness.  The Alabama Supreme Court reversed, writing: "The trier of fact could reasonably infer... that [defendant driver] was aware of the approaching vehicle but opted to disregard oncoming traffic. There having been no obstructions, and visibility having been good at the time, [defendant driver's] operation of his vehicle could reasonably be viewed as having been done with consciousness that the doing of the act (executing the left turn) or omitting to act (failing to yield the right-of-way to a vehicle approaching from the opposite direction) would likely result in injury to another.  See Collins v. Shelley, 514 So.2d 1358, 1361 (Ala. 1987) ("There having been no obstructions, and visibility having been good at the time, defendant's operation of her vehicle could reasonably be viewed as evidence of "reckless indifference to the knowledge that such omission would likely result in injury to another.") (doc.47, p.4-5).

Defendant counters that plaintiffs' reliance on Hood, and Collins, is misplaced, arguing that Hood, and Collins, were decided under the "scintilla rule" standard of review for a directed verdict, a much lower standard of proof that what is required to overcome summary judgment (doc.49). Defendant makes much of the fact that insofar as plaintiffs are seeking punitive damages on their wantonness claim, they

> "must prove that defendant consciously or deliberately engaged in wanton conduct" by... "clear and convincing evidence."  Berry [v. Fife, 590 So.2d 884,] 886 [(Ala. 1991).  Clear and convincing evidence requires evidence "when weighed against evidence in opposition," that the trier of fact will have "a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion."  Id. (citing Ala. Code § 6-11-20(b)(4))[,]

(doc.56, p.6), as opposed to the standard of evidence required if plaintiffs were seeking mere compensation ("'evidence of such weight and quality that a fair-minded person in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved' to survive summary judgment.").  Id.[7]  Defendant argues that plaintiffs in support of their claim for compensatory and punitive damages have proffered only differing testimony regarding the accident and that type of

---

[7]  In Berry, the accident arose when Fife ran a red light and collided with Barry's vehicle.  590 So.2d at 884.  The evidence presented for summary judgment indicated that as Fife approached the intersection, she heard a gunshot, something hit the windshield of her vehicle, and in concern for her safety, she ducked down below the dashboard and accelerated, hitting Berry's vehicle as it traversed the intersection.  Id., at 886-87.  The trial court granted Fife's motion for summary judgment on Berry's wantonness claim.  The Supreme Court of Alabama reversed.  Id., at 887.  In doing so, the Court noted:

> To the extent that Berry seeks only compensatory damages through the wantonness claim, we hold that there was substantial evidence of wantonness under the facts of this case, because fairminded persons in the exercise of impartial judgment could reach different conclusions as to the existence of wantonness.  Therefore, the trial court erred in entering the summary judgment in favor of Fife.

> To the extent that Berry sought punitive damages through her claim of wantonness, she bore the burden of presenting "clear and convincing" evidence that Fife acted "with a conscious and reckless disregard of the rights and safety of others."  "Clear and convincing evidence" is a standard of proof greater that "substantial evidence."

Id.

showing has no bearing on the viability of their wantonness claim.  Id.

This court notes that none of the cases cited by the parties are factually on point, and as noted the success of a wantonness claim "depends on the facts presented in each particular case."  Anderson, 682 So.2d at 470, and, before this court, under the substantial evidence standard.  Monroe, 307 F.Supp.2d 1271.

In Monroe, tractor-trailer driver Brown rear-ended the Monroes' vehicle while they were sitting at a red traffic light in Montgomery, Alabama.  The collision occurred when Brown, thinking that the Monroes would proceed through the intersection under the yellow caution signal, accelerated to proceed through as well.  The Monroes, however, chose not to proceed through the intersection, they stopped.  Brown's tractor-trailer collided with the Monroes' vehicle.  307 F.Supp.2d at 1269-70.  The Monroes claimed negligence and wantonness seeking compensatory and punitive damages.  Brown filed a motion for summary judgment on the Monroes' wantonness claim.  Id.

In Monroe, based on the detailed factual evidence which presented a clear picture of the events underlying the collision, the District Court found (1) that Brown decided to accelerate as he approached the intersection in an attempt to run a yellow light, "a conscious act that, at least, contributed to the accident."  Id., at 1273.  The Court also found (2) that Brown was conscious, based on the existing conditions, that injury was a likely or probable result of his acceleration in his attempt to run the yellow light.  The Court noted that Brown "had a duty to begin to slow his vehicle *and* keep sufficient distance between his tractor-trailer and the [Monroe vehicle] as they approached the yellow light so that he would not collide with the Monroes should [they] decide to stop rather than proceed through the yellow light.  Instead, Brown consciously chose to accelerate and, thereby, consciously

12

created a greater danger for all concerned." Id., at 1275 (emphasis in original). Brown's motion for summary judgment was denied under the summary judgment standard set out herein (whether, in viewing the substantial evidence in the light most favorable to the plaintiffs, a genuine issue exists for trial). Id., at 1271, 1276.

Herein, although the facts before this court are distinguishable from the facts of Monroe, the factual analysis set out in Monroe, is current, instructive, and its authority persuasive. Under Monroe:

> To survive summary judgment, [plaintiffs] must establish a genuine issue of fact as to whether [defendant Boyte] (1) acted consciously when [s]he attempted [the left hand turn from the driveway of the Beach Barn into the middle lane of Canal Road], and (2) was conscious, based on existing conditions, that injury was a likely or probably result of [her] actions. In considering [defendant Boyte's] summary[]judgment motion, the court is mindful of the Supreme Court of Alabama's admonition that "[w]antonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness."...

Monroe, 307 F.Supp.2d at 1271-72 (citation omitted).

Under the first prong of the Monroe analysis, the substantial evidence presented, and viewed in the light most favorable to plaintiffs, reflects that Boyte waited "quite a long time" before initiating her turn (doc.47, Ex.C-Boyte Depo., p.18). To complete the turn she had to cross oncoming traffic on a "busy" Canal Road (doc.36, Ex.D-Response No.19). Visibility was otherwise unobstructed, and the weather conditions "gorgeous" (doc.47, Ex.C-Boyte Depo., p.18). Defendant Boyte decided to pursue the turn under these conditions, a conscious act which contributed to the collision.

The second prong of the Monroe analysis is problematic. This court is asked to infer a state of mind, a conscious disregard, or a lack thereof on the part of defendant Boyte in conducting her left hand turn maneuver under the particular traffic conditions. The facts are in dispute, mere inadvertence or a conscious disregard of the safety of others.

As noted in <u>Monroe</u>, this court is mindful that "[w]antonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness."  307 F.Supp.2d at 1272-73.  Plaintiff Timothy Tirey testified that defendant Boyte pulled out directly in front of him (doc.47, Ex.B, Tirey Depo., p.25-26, 28).  In viewing the evidence presented in the light most favorable to the plaintiffs, this court finds that the question of the state of mind of defendant Boyte as to whether she acted with conscious disregard of the safety of others is best left to the jury, thus summary judgment is inappropriate.  <u>Wilkerson v. Johnson</u>, 868 So.2d 417, 420-21 (Ala. 2003) (reversing summary judgment because the parties had differing explanations of how the accident occurred and the jury could infer, from the plaintiff's account, that the defendant's negligence caused the accident).  Defendant Boyte's Motion For Summary Judgment is DENIED.

### E.  Conclusion

Accordingly, it is ORDERED that defendant Jeffrey Allen's Motion and Amended Motion For Summary Judgment (docs.30-33), be and is hereby GRANTED, and plaintiffs' claims of negligent and wanton entrustment, and loss of consortium against defendant Allen (Counts Three, Four, and Five), be and are hereby DISMISSED with prejudice.

It is further ORDERED that defendant Boyte's Motion For Partial Summary Judgment on plaintiffs' wantonness claim (Count Two) (docs.35-37), be and is hereby DENIED.  This action will proceed on plaintiffs' claims:  Count One (negligence), Two (wantonness), and Five (loss of consortium) against defendant Boyte.

It is further ORDERED that the hearing on the issue of wantonness scheduled before this court

on Tuesday, June 7, 2005, is hereby CANCELLED.  The settlement conference scheduled for June 7,

2005, at 11:00 a.m., remains on this court's calendar.

DONE this 19th day of May, 2005.


  S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE