# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY NORMAN TIREY and HADEN TIREY,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 04-0441-D** |
| ) | |
| **MARY ELIZABETH BOYTE** ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action came before the Court for trial by jury on August 2 and August 3, 2005 before the Honorable Kristi K. DuBose, United States Magistrate Judge. The jury was selected and sworn before Magistrate Judge DuBose on August 2, 2005.

On August 2, 2005, out of the presence of the jury, the Court heard the parties' arguments with respect to several motions in limine. (Docs. 68, 69, 74, 76, 77) The Court entered its findings orally, on the record.

On August 2, 2005, the jury was duly sworn, and the trial commenced. Plaintiffs presented their case in chief on August 2 and August 3, 2005 and rested on August 3, 2005. At the conclusion of Plaintiffs' case in chief, the Defendant submitted a Motion for Judgment as a Matter of Law on the grounds that Plaintiff failed to prove negligence, wantonness, causation and damages. The Court **DENIED** the motion as to negligence and causation and deferred ruling on the wantonness issue until

the close of all of the evidence.  The Defendant presented her case in chief and rested on August 3, 2005.  The Defendant renewed her Motion for Judgment as a Matter of Law at the close of all evidence as to Plaintiff's claims of wantonness and punitive damages.  After hearing arguments by counsel, the Court **GRANTED** the Defendant's motion on the claims of wantonness and punitive damages.

In granting defendant's Motion for Judgment as a Matter of Law on Plaintiff's claim of wantonness and punitive damages, the undersigned concluded that there was not substantial evidence presented from which a jury could find that the Defendant operated the motor vehicle in a wanton manner.  The evidence viewed in a light most favorable to Plaintiff was as follows.  Plaintiff testified he was traveling down Canal Road when he observed something that caused him to apply his brakes and slow his vehicle to approximately twenty-five (25) miles per hour.   Shortly thereafter he collided with Defendant's vehicle in the roadway as Defendant was attempting to cross the road.  The Defendant testified that she waited for some 5-6 minutes due to heavy traffic before pulling out of the driveway and that prior to pulling out she saw Plaintiff's truck approaching from approximately eighty (80) yards away.  Defendant further testified that she observed Plaintiff slow his vehicle, at which point she made the decision to pull out onto the highway.

In ruling on a motion for judgment as a matter of law, the Court should weight all of the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." Salter v. Westra, 904 F.2d 1517, 1524 (11th Cir. 1990).  The motion is properly granted where "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict."  Id.  If, however, the Court finds there is

"substantial evidence opposed to the motion[], that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions the motion[] should be denied, and the case submitted to the jury." Id. at 1524. However, "there must be a conflict in substantial evidence in order to create a jury question". Id. "A mere scintilla of evidence is insufficient." Id.

The Eleventh Circuit Court of Appeals has held that "'negligence in not appreciating the dangerousness of the conditions is not wantonness.'" Id. at 1525 (quoting Stallworth v. Illinois Cent. Gulf R.R., 690 F.2d 858, 863 (11th 1982)). In Salter, the Court addressed the distinction between negligence and wantonness as follows:

> '[W]antonness is distinct from negligence, and punitive damages are meant "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future.' Restatement (Second) of Torts § 908(1) (1979). The focus is on the character of the tortfeasors conduct-whether it is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards. Smith v. Wade, 461 U.S. 30, 54, 103 S.Ct. 1625, 1639, 75 L.Ed.2d 632 (1983) (5-4 decision). A jury may not find wantonness simply on the basis of a defendant's awareness that his actions (or failure to act) would entail more risks than not taking the action in question.

904 F. 2d at 1526-27. The court further iterated the definition of wantonness as "a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act ... injury will likely or probably result." Id. at 1524.

Based on the standard articulated by the Eleventh Circuit in Salter, and interpreting the evidence in the light most favorable to the Plaintiff, the Court finds that no reasonable jury could find that Defendant's actions constituted a conscious and deliberate disregard for the safety of others. While Defendant conceded that she observed Plaintiff's vehicle prior to pulling out, the evidence from both

3

Defendant and Plaintiff was that Plaintiff's vehicle was traveling at a slow speed. In sum, the evidence viewed most favorably to the Plaintiff only shows that the Defendant negligently misjudged the distance of Plaintiff's vehicle. There simply was no evidence, or reasonable inferences from the evidence, to establish wantonness conduct by the Defendant. Accordingly, Defendant's Motion for Judgment as a Matter of Law as to Plaintiff's claim alleging wantonness and seeking punitive damages against the defendant is **GRANTED.**

The remaining claims of negligence and loss of consortium were submitted to the jury. On August 4, 2005, the jury, having heard the evidence, the arguments of counsel and the charge of the Court and having considered same upon their oaths returned the following verdict and special interrogatories, a copy of which is attached hereto.

## **VERDICT AND SPECIAL INTERROGATORIES TO THE JURY**

**1.    Do you find from a preponderance of the evidence that the Defendant Mary Elizabeth Boyte was negligent in her operation of a motor vehicle?**

**Answer Yes or No    YES**

**If yes, go to Question No. 2.**

**If no, please sign and date this form.**

**2.    Do you find from a preponderance of the evidence that Plaintiff Timothy Tirey was contributorily negligent?**

**Answer Yes or No    NO**

**If no, go to Question No. 3.**

**If yes, please sign and date this form.**

3.  Do you find from a preponderance of the evidence that the Defendant's actions were the proximate or legal cause of damages sustained by the Plaintiffs?

>   Answer Yes or No   **YES**
>
>   > If your answer was yes,
>   > in what amount? **$ 3, 600.00**
>
>   > If no, please sign and date this form.

4.  Do you find from a preponderance of the evidence that the Plaintiff, Haden Tirey suffered loss of consortium?

>   Answer Yes or No   **NO**
>
>   > If yes, go to Question 5
>
>   > If no, please sign and date this form.

5.  Do you find from a preponderance of the evidence that the Plaintiff Haden Tirey incurred damages for the loss of consortium of her husband, Timothy Tirey?

>   Answer Yes or No    _____
>
>   > If your answer was Yes,
>   > in what amount?              $_____

SO SAY WE ALL.

/s/ Michael E. Box
**Michael E. Box**
**Foreperson**

**DATED:** August 4, 2005

Pursuant to the requirements of Rule 58(a)(1) of the Federal Rules of Civil Procedure, the Court will enter judgment in accordance with the verdict of the jury by separate order at this time.

DONE and ORDERED this the 4th day of 2005.

                                            /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**