IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY NORMAN TIREY and HADEN TIREY,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) **CIVIL ACTION NO 04-0441-D** |
| **MARY ELIZABETH BOYTE** | ) ) ) |
| **Defendant.** | ) |

## ORDER

This matter is before the court on the following: plaintiffs' motion to tax costs against defendant (Doc. 87); defendant's response in opposition and motion to tax costs against plaintiffs (Doc. 89); plaintiffs' opposition to defendant's motion to tax costs (Doc. 91) and defendant's reply to plaintiffs' opposition (Doc. 92). Upon consideration, and for the reasons set forth herein, plaintiffs' motion to tax costs against defendants is DENIED. Further, defendant's motion to tax costs against plaintiffs is GRANTED, in part as set out herein.

I.  Discussion

This action came before the court for trial by jury on August 2 and August 3, 2005 before the undersigned Magistrate Judge. On August 4, 2005, the jury returned a verdict in favor of the plaintiff Tim Tirey on his claim of negligence and awarded the sum of $3,600.00. The jury returned a verdict in favor of the defendant on plaintiff Hayden Tirey's claim for loss of consortium.

Plaintiffs now move the court to tax costs against the defendants in the amount of $3,534.20. (Doc. 87) In response, defendant has filed a motion seeking to recover costs against plaintiffs based on the grounds, in sum, that defendant is a prevailing party as to plaintiff Hayden Tirey and further that pursuant to Fed. R. Civ. P. 68, plaintiffs are precluded from recovering any costs against the defendant. (Doc. 89)

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The court's Standing Order 13 provides guidance to the clerk on a motion to tax costs. However, upon motion to re-tax costs, the court is guided by the statutory authority of 28 U.S.C. §1821 [1], 28 U.S.C. §1920 [2]

---

[1] Section 1821 addresses per diem and mileage fees for witnesses and provides, in pertinent part:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by

and 28 U.S.C. §1923. [3] Since the parties have submitted thorough responses to the cross motions for

---

employees of the Federal Government.

28 U.S.C. § 1821.

[2] Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

[3] Section 1923 provides, in pertinent part:

a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;
$20 in admiralty appeals involving not over $1,000;
$5 on motion for judgment and other proceedings on recognizances;
$2.50 for each deposition admitted in evidence.

costs, the court has decided to address the motion to tax costs.

>   A.   Plaintiffs' Motion to Tax Costs

Plaintiffs move the court to tax costs against defendant in the amount of $3,534.20 (Doc. 87) In response thereto, defendant moves the court, pursuant to Rule 68 of the Federal Rules of Civil Procedure to tax costs against plaintiffs in the amount of $ 4,653.46.  (Doc. 89)

Defendant maintains that plaintiffs' motion is predicated on the presumption that plaintiffs were the prevailing party in this action.  Defendant maintains that as to plaintiff Haden Tirey, she "was not successful on any portion of her claim for loss of consortium, and therefore, she is clearly not entitled to recover costs under Federal Rule of Civil Procedure 54(d)."  (Doc. 89 at 1).

On February 11, 2005 defendant tendered an offer of judgment to plaintiffs in the amount of $15,000.00 which was rejected by plaintiffs.  (Doc. 89, Exhibit A)  Thereafter, the matter proceeded to trial where the jury returned a verdict in favor of plaintiff Tim Tirey in the amount of $3, 600.00. Rule 68 of the Federal Rules of Civil Procedure provides, in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. ...*

Fed. R. Civ. P. 68.  (emphasis added); Fusion, Inc. v. Nebraska Aluminum Castings, Inc.

---

28 U.S.C. § 1923.

1997 WL 614317(D. Kan.,September 18, 1997) (unpublished) (denying costs to plaintiff who recovered amount less than the jurisdictional amount of $50,000 in effect when case filed)  The judgment attained by plaintiff Tim Tirey was significantly less than the offer of judgment.  Accordingly, plaintiffs' motion to tax costs is **DENIED.** [4]  The court now turns to defendant's motion for costs.

B.      Defendant's Motion to Tax Costs

Defendant seeks to recover costs against plaintiff's based on Fed. R. Civ. P. 68. [5]  The judgment obtained by plaintiff Tirey was "not more favorable than the offer", and accordingly, plaintiffs "must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68.

In opposition to defendant's motion to tax costs, plaintiffs do not directly address the applicability of Rule 68 but state: "[a]ssuming, *solely arguendo*, that the Court determines that costs should be taxed against the Plaintiffs, the Plaintiffs object to the Defendant's bill of costs because they include items that are not taxable at all and items that exceed the costs allowable under this Court's local rule and standing orders." (Doc. 91) In reply, defendant argues that she is entitled to all costs under Fed. R. Civ. P. 54(d), Fed. R. Civ. P. 68, 28 U.S.C. § 1920, 28 U.S.C. § 1821 and 28 U.S.C.

---

[4] While neither party addresses the statute in its brief, the court finds that 28 U.S.C. § 1332 is applicable to this action.  Section 1332, which permits diversity jurisdiction, provides that a district court may properly deny costs to a plaintiff who ultimately recovers less than the jurisdictional amount. 28 U.S.C. § 1332(b).  Plaintiff filed the present action in this court alleging diversity and an amount in controversy of $ 75,000.  (Doc. 1) Since plaintiff recovered an amount far less than the jurisdictional amount of $ 75,000,  plaintiff may be precluded from recovering any costs.

[5] Defendant also maintains that defendant Jeffrey Allen is a "prevailing party" since he was a party to the Offer of Judgment.  (Doc. 89)  Local Rule 54.1(a) provides that a prevailing party seeking to tax costs must file, within 15 days after the date of judgment, a bill of costs distinctly setting forth each item claimed.  A prevailing party's failure to abide by this time limitation "shall constitute a waiver, unless otherwise ordered by the court." LR 54.1(d).  Summary judgment was entered in favor of Jeffrey Allen on May 19, 2005.  (See Doc. 59) Thus, Mr. Allen's request for costs is untimely.

5

§ 1923. (Doc. 92) The court agrees that it is guided by the authority set forth in the applicable statutes and will now review each of defendant's items in turn.

        1.      <u>Deposition costs</u>

Defendant seeks a total of $ 724.36 for fees of the court reporter for all or any part of the transcripts necessarily obtained for use in this case. (Doc. 89, Exhibit 1) Specifically, defendant seeks reimbursement for costs of depositions of Jeffrey Allen, Mary Elizabeth Boyte, Timothy Tirey, Haden Tirey, Dr. David Stallworth, Dr. Todd Elmore and Dr. Robert White. Plaintiffs note that all but the depositions of the Tireys were noticed by plaintiffs and further that substantial portions of the depositions of Allen, Boyte and the Tireys were not admitted into evidence at trial. (Doc. 91) Plaintiffs further argue that the depositions of Drs. Stallworth and Elmore were noticed by plaintiffs and read into evidence by plaintiffs. (<u>Id.</u>)

28 U.S.C. § 1920 (2) provides that "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are taxable as costs. The court concludes that defendant's counsel necessarily obtained the transcripts of plaintiffs Haden Tirey and Norman Tirey. In addition, the court finds that defendant is entitled to costs for copies of the depositions of Drs. David Stallworth, Todd Elmore and Robert White since those depositions were "necessarily obtained" by defendant in preparation for the trial of this action. <u>See</u> <u>U.S. E.E.O.C. v. W&O, Inc</u>., 213 F.3d 600, 621 (11th Cir. 2000) (noting that taxation of deposition costs for witnesses on losing party's witness list is reasonable because prevailing party might have needed deposition transcripts to cross-examine such witnesses at trial).

Plaintiffs' objection is overruled, in part. Defendant may recover costs for depositions in the

total amount of $636.80.

        2.        <u>Witness Costs</u>

Defendant also seeks reimbursement for costs of fees associated with the travel, lodging and meals of witnesses during trial. Specifically, defendant seeks costs for travel fees and lodging of Mary Boyte, Bill Hart and William Allen associated with the trial of this action. Defendants also seek costs for meals incurred for these individuals during the length of the trial. In opposition, plaintiff argues that the costs are not taxable and exceed those allowed in the court's Standing Order 13. (Doc. 91)

        a.        <u>Mary Elizabeth Boyte</u>

28 U.S.C. § 1821 provides that "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to Section 1920 of this title." 28 U.S.C. § 1821(c)(4). Mary Boyte was a party witness in this action. The Fifth Circuit Court of Appeals has noted that the general rule is "the expenses of witnesses who are themselves parties normally are not taxable." <u>Hodge v. Seiler</u>, 558 F.2d 284, 287 (5th Cir.1977) (quoting 10 Wright & Miller, Federal Practice and Procedure Civil § 2678 (3rd ed.) [6]

        b.        <u>Billy Hart, William Allen</u>

Defendants next seek reimbursement for costs of meals and lodging for witnesses Hart, and Allen in the amount of $ 829.86. Plaintiff contends that the costs exceed those allowed under Standing Order 13. (Doc. 91) In reply, defendant argues that Local Rule 54.1 and Standing Order 13 limit

---

[6] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on the Eleventh Circuit. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

"only the authority of the clerk to assess costs for certain items...but does not limit a prevailing party's ability to recover under [28 U.S.C. Sections 1920 and 1923]." (Doc. 92)

Pursuant to 28 U.S.C. §1821 (d) a witness is allowed a subsistence allowance "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day. Both witnesses Hart and Allen traveled in excess of 100 miles to attend the trial. The local per diem rate for Mobile is $ 91.00 per day. Accordingly, plaintiffs' objection is overruled, in part. Defendant is entitled to costs for lodging and meals for Hart and Allen at the fixed per diem rate of $91.00 per day, for a total amount of $ 546.00.

### c. Alltel Representative

Defendant's request for reimbursement for witness fee and travel for the Alltel representative in the amount of $52.15 is allowed. See 28 U.S.C. § 1821 (b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.")

### 3. Travel Expenses- Counsel

Defendant next seeks reimbursement in the amount of $907.80 for travel expenses incurred by defendant's counsel to attend the depositions of the defendants and Dr. Stallworth. Plaintiffs argue that these expenses are not taxable under either 28 U.S.C. § 1821 or 28 U.S.C. § 1920. (Doc. 91) The court concurs.

There is nothing in the text of 28 U.S.C. § 1920 that would authorize taxation of costs for counsel's travel and lodging costs associated with a witnesses deposition. Moreover, district courts in this circuit have observed that "travel of attorneys is not a taxable cost of taking depositions unless

extraordinary or compelling circumstances exist." Miller v. Kenworth of Dothan, Inc., 117 F. Supp.2d 1247, 1265 (M.D. Ala. 2000) (internal quotations and citations omitted).  Defendant has not presented any such "extraordinary or compelling circumstances" such that this court would find such costs allowable.

    4.    Miscellaneous Expenses

Defendant also seeks reimbursement for telephone/facsimile charges in the amount of $ 10.48 and postage/shipping charges in the amount of $ 162.48.  The court is unable to discern the nature of these charges.  Moreover, such costs are not provided for in §1920.  See Miller, 117 F. Supp. 2d at 1266 (citing Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)).  Accordingly, these costs are disallowed.

Defendant next seeks reimbursement for photocopies in the amount of $ 53.00 and $ 68.13 for costs of a color enlargement of scene diagram used at trial. (Doc. 89)

28 U.S.C. § 1920(4) allows costs to be taxed for copies of documents necessarily obtained for use in the case. The test of whether the cost of copying documents should be taxed against the losing party "is not whether or not the copies were actually introduced into evidence but whether they were necessarily obtained for use in the case." American Key Corp. v. Cumberland Assocs., 102 F.R.D. 496, 499 (N.D.Ga. 1994).  It is incumbent upon the prevailing party to establish the nature of the documents for which it seeks recovery as well as how those documents were used or intended to be used in the case. Id. at 499.

Regarding the photocopying costs, defendant has failed to provide the court with any information regarding the nature of these charges.  Accordingly, these costs are disallowed.  See United

States EEOC v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (exhibit costs are not taxable because there is no statutory authorization).  However, the court finds that the color enlargement of the scene diagram was "necessarily obtained for use in the case" and accordingly, plaintiff's objection as to that cost is overruled.

II.     Conclusion

Based on the foregoing, the plaintiffs' motion to tax costs (Doc. 87) is DENIED.  Defendant's motion to tax costs (Doc. 89) is GRANTED, in part as follows:  costs taxed in favor of defendant and against plaintiffs in the amount of ONE THOUSAND THREE HUNDRED THREE DOLLARS AND 08/100 ($ 1, 303.08 ).

**DONE and ORDERED** this the 14th day September of 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**